[No. 4,203.]

# H. REUBIN v. J. M. COHEN AND FRANK SPER- LING.

PARTNERSHIP NOTE.—The mere fact that a partner, upon being informed that his copartner has given a firm note for his individual debt, does not deny his liability thereon, does not, *per se*, amount in point of law to a ratification or adoption of the note.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

The defendants were doing business as partners, under the firm name of Cohen & Sperling. On the 1st day of March, 1872, Cohen gave Reubin the note of the firm for the sum of one thousand dollars. Sperling defended under an allegation in his answer, that Cohen owed Ruebin the money before the partnership was formed, and gave the note for his individual debt. The plaintiff recovered judgment, and the defendant Sperling appealed.

The other facts are stated in the opinion.

*J. Napthaly* and *McAllisters & Bergin,* for the Appellant.

*Quint & Hardy,* for the Respondent.

By the COURT:

At the instance of the plaintiff, the Court below instructed the jury " that if Sperling was informed of the fact of the giving of these notes by his copartner, Cohen, in the name of the firm, and omitted to repudiate or disaffirm, within a reasonable time, what had been done by Cohen, he will be held to have ratified and adopted what he, Cohen, had done in the firm name."

The indebtedness for which the notes were given was the indebtedness of Cohen in the first instance, and not that of the copartnership firm of Cohen & Sperling. The instruction, assuming as it does that Sperling did not assent to the transaction at the time the note was delivered, and, of

course, that he was not then bound thereby, nevertheless asserts the rule of law to be that, if he was afterward informed of the fact that the firm notes had been so given he would become bound thereby, unless he should thereupon, or within a reasonable time, "repudiate or disaffirm" them. It may be conceded that his failure to object under such circumstances, would be evidence tending in some degree to show assent upon his part to the giving of the notes, and so the jury were substantially told in the instruction next preceding the one we are now considering. But to say that a mere failure to actively repudiate the transaction amounts *per se* in point of law, to a ratification or adoption of the notes, is unwarranted by recognized principles defining the powers and obligations of copartners.

Judgment and order denying new trial reversed, and cause remanded for a new trial.