[No. 13597.   In Bank. — July 30, 1890.]

## THE CALIFORNIA BANK, APPELLANT, *v.* EMILY B. SAYRE ET AL., RESPONDENTS.

APPEAL — CONFLICTING EVIDENCE. — Where the evidence is conflicting, it must be assumed on appeal that the evidence tending to support the judgment is true.

PROMISSORY NOTE — SIGNATURE WITHOUT AUTHORITY — FAILURE TO RE-PUDIATE — RATIFICATION. — Where the name of one apparent maker of a promissory note has been signed thereto by the other maker thereof, without authority or designation of agency, and without the knowledge or consent of the one who did not sign the note, the mere failure of the latter to repudiate the signature, or to notify the holder that he would not be bound by the note after knowledge thereof, without any further element of estoppel, does not amount to a ratification of the signature.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.

The note in question was signed "Emily B. Sayre, Mrs. Nancy D. Sayre," but the evidence shows that both signatures were written by Mrs. Nancy D. Sayre, who is the mother of Emily B. Sayre. The latter testified

that she gave her mother no authority to sign her name to the note, and that it was signed without her knowledge or consent.   Further facts are stated in the opinion.

*Dooner & Burdett*, for Appellant.

If a principal does not disavow the acts of his agent as soon as he can after they come to his knowledge, he makes those acts his own.  (1 Parsons on Contracts, pp. 48–50, secs. 2, 3.)  Such ratification will operate as an estoppel *in pais* against the principal.  (*Borel* v. *Rollins*, 30 Cal. 408; *Woodsum* v. *Cole*, 69 Cal. 144; Code Civ. Proc., sec. 1962, subd. 3; Civ. Code, secs. 1709, 1710, subd. 3.)  An unauthorized act may be ratified by implication, if done by an agent in excess of his authority in the name of his principal, if the principal fail to repudiate the act as soon as he is informed of it, or within a reasonable time.  (*Ward* v. *Williams*, 26 Ill. 447; 79 Am. Dec. 385; Story on Agency, sec. 255; Wharton on Agency, sec. 86; 1 Addison on Contracts, sec. 60; Civ. Code, sec. 1710, subd. 3.)

*Wells, Guthrie & Lee*, for Respondents.

The doctrine of ratification by a principal cannot be extended to the case of a forgery.  (1 Randolph on Commercial Paper, secs. 374, 629; 1 Edwards on Bills, sec. 83; *King* v. *Marks*, N. Y. Sup. Ct. 1872; 6 Alb. L. J. 193; *Ex parte Edwards*, 5 Jur. 706; Chitty on Bills, 338.) No recovery can be had on a forged note.  (*Johnson* v. *Windle*, 32 Eng. Com. L. 112; Byles on Bills, 203.)   The alteration or forgery of a bill is a good defense against a *bona fide* holder for value before maturity, and renders the bill void in whosesoever hands it may be found. (Byles on Bills, 328; Chitty on Bills, 209; 2 Daniel on Negotiable Instruments, 386; 2 Parsons on Notes and Bills, 544; *Belknap* v. *Nat. Bank of North America*, 100 Mass. 376; 97 Am. Dec. 105; *Mahaiwe Bank* v. *Douglass*, 31 Conn. 170; *Bradley* v. *Mann*, 37 Mich. 1; *Burwell* v.

*Orr*, 84 Ill. 465; *Collier* v. *Waugh*, 64 Ind. 456; *Lisle* v. *Rogers*, 18 B. Mon. 528; *Laub* v. *Paine*, 46 Iowa, 550; *Bruce* v. *Westcott*, 3 Barb. 374; *Washington Sav. Bank* v. *Ecky*, 51 Mo. 272; *United States Bank* v. *Russell*, 3 Yeates, 391; *Davis* v. *Hewey*, 13 Neb. 497; *Overton* v. *Matthews*, 35 Ark. 146; 37 Am. Rep. 9.)

HAYNE, C. — This was an action upon a promissory note. The trial court gave judgment against one of the alleged makers, but not against the other, and the plaintiff appeals.

The ground of the decision in favor of the defendant referred to " was, that her name was signed to the note without her knowledge or authority." The appellant attacks the finding in this regard as not sustained by the evidence. But we think that there is sufficient evidence to sustain it. The only question that can be raised is, whether she ratified the signature. With reference to this question, there is evidence to the effect that she first learned of the signature of her name to the note in an interview with the agent of the payee in February, 1889, which was about nine months after the execution of the note; that on that occasion she informed him that the signature was not hers; that he informed her that her note had been deposited with the plaintiff as collateral, and referred her to it; that she did nothing further in the matter, and paid no attention to the notice from the plaintiff that the note was due. There is evidence tending to contradict some of the testimony above referred to; but in view of the conflict, it must be assumed that the evidence tending to support the judgment is true.

It is argued, however, that the failure of the defendant to repudiate the signature, or to notify the plaintiff that she would not be bound by the note, amounted to a ratification. But while such a rule might apply under certain circumstances, we think that where, as here,

there is no element of estoppel, the mere silence of the party does not amount to a ratification. (*Reubin* v. *Cohen,* 48 Cal. 545; *Hendrie* v. *Berkowitz,* 37 Cal. 118; 99 Am. Dec. 251.)

The other points do not require special notice. We therefore advise that the judgment and order appealed from be affirmed.

BELCHER, C. C., and FOOTE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed.